Reese, J.
delivered the opinion of the court.
In this case, upon the trial in the circuit court, there was a plea under the statute of 1801, ch. 18, sec. 1, 2, 3, 4, that P. M. Miller was a co-security with one Byrne for one W. B. Miller, and that one Byrne gave written notice, &c. There was issue upon the plea, and a verdict for the plaintiff below. Without pausing to inquire whether the plea as pleaded was good under the statute or not, we shall only consider whether the court erred in the charge to the jury. That part of the charge was as follows, to wit:
“As to the question of notice to sue under the statute by the security, that the law required the notice to be in writing, and that nothing less than written notice would satisfy the statute; that as to the statute requiring two witnesses to prove a copy of notice, this was a guarded provision, growing out of the statute, for the benefit of the holder, that his rights should not be prejudiced by fraud, perjury or imposition; that, under the rule that the party’s own admission should be evidence against him, (even should the jury suppose that the notice served in Childress’ letter to Miller was written notice,) the law, assuming the principle above mentioned, would require the testimony of two witnesses to the fact, and that the testimony of a less number would not satisfy the statute.”
There can be no error in the above charge as against the plaintiff. The 1st section of the statute requires in terms that the notice shall be in writing, and the notice is to contain the_absolute requisition forthwith to put the bond, note, &c. in suit. The 4th section provides explicitly that the security must prove in open court by two witnesses a copy of the notice aforesakTto have been served on the person bringing such action. Where a statute *322 is plain and explicit in its meaning, and its enactment within the legislative competency, the duty of the courts issimple and obvious, namely, to say sic lex scripta, and obey it. In this case, nothing is left to judicial construction, but if there were, it is clear that it occurred to the framers of the act, that this mode of discharge, contrary to the forms and course of proceeding at common law, might be in danger of tending to the wrong and injury of the holder of the note; so the notice was required to be in writing, and' the notice was required to be proven by two witnesses. Of course the notice not in writing, or proved by a less number than two witnesses will not satisfy the statute. Let the judgment be affirmed.